**22-11789**

IN THE

# United States Court of Appeals

## FOR THE ELEVENTH CIRCUIT

◆◆

SEAN SHEFFLER, on behalf of himself and all others similarly situated,
TY BAUGH, BELINDA GOSS, TRAVIS ROGERS,

*Plaintiffs-Appellants,*

—v.—

AMERICOLD REALTY TRUST, a Maryland corporation,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

## BRIEF FOR PLAINTIFFS-APPELLANTS

KENYA J. REDDY
JOHN YANCHUNIS
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, Appellants, Sean Sheffler, Ty Baugh, Belinda Goss, and Travis Rogers, respectfully submit the following Certificate of Interested Persons:

1. Americold Realty Trust, Inc., formerly known as Americold Realty Trust (Appellee)

2. Batten, Timothy C. (United States District Judge, Northern District of Georgia)

3. Baugh, Ty (Appellant)

4. Bosseler, Gregory John (Counsel for Appellants)

5. Brown, Kristine M. (Counsel for Appellee)

6. Goss, Belinda (Appellant)

7. Maxey, Ryan D. (Counsel for Appellants)

8. Miller, M. Ashley (Counsel for Appellee)

9. Reddy, Kenya J. (Counsel for Appellants)

10. Reinke, Gavin (Counsel for Appellee)

11. Rogers, Travis (Appellant)

12. Sheffler, Sean (Appellant)

13.    Yanchunis, John A. (Counsel for Appellants)

## STATEMENT REGARDING ORAL ARGUMENT

Appellants do not believe that oral argument in necessary in this case, as the issues involved are fairly straightforward and uncomplicated.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT.................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF AUTHORITIES ...................................................................iv

STATEMENT OF SUBJECT-MATTER AND APPELLATE
JURISDICTION ..........................................................................1

STATEMENT OF THE ISSUES................................................................2

STATEMENT OF THE CASE.................................................................2

    I.    Factual Background..............................................................2

    II.    Procedural Background .......................................................5

    III.    Standard of Review ...........................................................6

SUMMARY OF THE ARGUMENT .........................................................7

ARGUMENT ...................................................................................8

    I.    The District Court Erred in Dismissing Appellants' Claims
        for Negligence and Breach of Contract.................................8

        A.    Appellants Adequately Alleged a Common Law Duty
            to Protect Their PII Under Georgia Law ...................................8

        B.    Appellants Sufficiently Alleged Their Breach of
            Implied Contract Claim..............................................17

    II.    The District Court Abused Its Discretion in Denying
        Appellants' Motion for Leave to Vacate and for Leave to
        Amend the Complaint Pursuant to Rule 59(e) or Rule 60(b). ...........19

        A.    The Rule 15 Standard for the Amendment of Pleadings. .........20

        B.    Once Judgment Has Been Entered, Rules 59(e) and
            60(b) Are the Proper Mechanisms to Seek Leave to
            File an Amended Complaint. ......................................24

C.     Although Rule 15(a) Is Not the Proper Mechanism to Seek Post-Judgment Leave to Amend, the Same Standards that Govern Leave to Amend Under Rule 15(a) Also Govern Leave to Amend Under Rules 59(e) and 60(b). ..................................................................26

D.     Appellants Were Not Required to Show Good Cause to File the Proposed Amended Complaint……………………...31

E.     The Court Did Not Determine that the Proposed Amendment Would be Futile……………………………………………35

CONCLUSION ......................................................................................37

# TABLE OF CITATIONS

## CASES

*Ackermann v. United States*, 340 U.S. 193, 202 (1950) ..........................................25

*Alcoa Inv. v. Univ. Alloy Corp.*, No. 1:15-CV-01466-ELR, 2016 WL 11499627 (N.D. Ga. Aug. 31, 2016) ...................................................................................32

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) …………………………...24

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................16

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ......................................... 21, 23

*Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1039 (N.D. Cal. 2019)...................13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)....................................16

*Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) ................ 21, 28

*Bradley Center v. Wessner*, 296 S.E.2d 693 (Ga. 1982) .........................................10

*Castillo v. Seagate Tech., LLC*, Case No. 16-cv-01958-RS, 2016 WL 9280242, at *2 (N.D. Cal. Sept. 14, 2016)...................................................................... 12, 19

*City of Rome v. Jordan*, 426 S.E.2d 861, 862 (Ga. 1993) ........................................9

*Classic Restorations, Inc. v. Bean*, 155 Ga. App. 694 (1980)................................17

*Collins v. Athens Orthopedic Clinic, P.A.*, 837 S.E.2d 310 (Ga. 2019) .................10

*Conley v. Gibson*, 355 U.S. 41, 47 (1957).............................................................22

*Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO,* 724 F.2d 1552, 1556 (11th Cir. 1984) ................................................................... 24, 25, 28

*Datastrip Int'l Ltd. v. Intacta Techs., Inc.*, 253 F. Supp. 2d 1308 (N.D. Ga. 2003)33

*Diamond Power Int'l Inc. v. Clyde Bergemann, Inc.*, 1:04-CV-1708-RWS, 2006
    WL 8431353 (N.D. Ga. June 21, 2006) .................................................33

*Drummond v. City of Brunswick, Ga.*, 2005 WL 8157707, at *2 (S.D. Ga.
    Jan. 31, 2005).........................................................................................17

*Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598
    (5th Cir. 1981) ........................................................................... 21, 26, 28

*Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925,
    929 (11th Cir. 2016) ........................................................................ 22, 37

*Ermini v. Scott*, No. 2:15-cv-701-FtM-99CM, 2016 WL 11410895, at *1-2
    (M.D. Fla. Oct. 24, 2016) .....................................................................34

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)....................22

*Foman v. Davis*, 371 U.S. 178, 181 (1962) ...........................................................30

*Gen. Star Indem. Co. v. Triumph Hous. Mgmt., LLC*, 855 F. App'x 599,
    609 (11th Cir. 2021) ..............................................................................23

*Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) .........................25

*Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d
    1331, 1333 (11th Cir. 2016) ..................................................... 6, 20, 29

*Heat Techs., Inc. v. Papierfabrik August Koehler SE*, No. 1:18-cv-01229-SDG,
    2021 WL 118642, at *3 (N.D. Ga. Jan. 13, 2021) ..............................34

*Higdon v. Fulton County, Georgia*, 746 F. App'x 796, 801 (11th Cir. 2018) ........27

*In re Clarus Corp. Securities Litigation*, 2003 WL 23325303, *1 (N.D. Ga.
    2003)......................................................................................................21

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d
    767, 799 (N.D. Cal. 2019) ....................................................................13

*J.M. Clayton Co. v. Martin*, 177 Ga. App. 228 (1985)............................................17

*Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ............24

*Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993).........................23

*King v. CVS/Caremark Corp.*, No. 07-21824-CIV, 2007 WL 9705958, at *2 (S.D.
    Fla. Dec. 12, 2007) ...........................................................................................34

*Lederman v. United States*, 539 F. Supp. 2d 1, 2 (D.D.C. 2008) ...........................25

*Longenecker-Wells v. Benecard Servs. Inc.*, 658 F. App'x 659, 662 (3d Cir.
    2016).................................................................................................................18

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) .....................................17

*Mackey v. Belden, Inc.*, No. 4:21-CV-00149-JAR, 2021 WL 3363174, at *9
    (E.D. Mo. Aug. 3, 2021).................................................................................19

*Martinair Holland, N.V. v. Benihana, Inc.*, 780 F. App'x 772, 776 (11th Cir.
    2019).................................................................................................................27

*McConnell v. Dep't of Labor*, 828 S.E.2d 352 (Ga. 2019)..................... 9, 10, 11, 15

*McKinley v. Kaplan*, 177 F.3d 1253, 1257 (11th Cir. 1999) ...................................32

*Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) .............................29

*Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010)..........17

*N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990)....................................22

*OJ Commerce, LLC v. Ashley Furniture Indus., Inc.*, 817 F. App'x 686, 693
    (11th Cir. 2020) ...............................................................................................28

*Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 336 (11th Cir.
    2006).................................................................................................................27

*Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360 (N.D. Ga. 2021) . 11, 36

*Rasnick v. Krishna Hosp., Inc.*, 713 S.E.2d 835, 837 (Ga. 2011) .............................9

*Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998)....6, 8

*S2 Automation LLC v. Micron Tech., Inc.*, 281 F.R.D. 487, 498 (D.N.M. 2012)...30

*Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 750 (S.D.N.Y. 2017).....18

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).................22

*Smith v. United States*, 873 F.3d 1348, 1352 (11th Cir. 2017)..................................9

*Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ......................................................................... 27, 28

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)……………………. 30

*Tatum v. Moss*, 58 Ga. App. 434, 198 S.E. 814, 815 (1938)....................................17

*Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983)........ 6, 20, 26

*Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) ........... 22, 24, 26, 28

*U.S. v. Baxter Intern. ., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003)...........................16

*United States v. Hougham*, 364 U.S. 310, 317 (1960)…………………………30

*U.S. Equal Employment Opportunity Commission v. St. Joseph's Hosp.*, 842 F.3d 1333, 1349 (11th Cir. 2016) ...............................................................................24

*United States v. Toll*, 804 F.3d 1344, 1353–54 (11th Cir. 2015) ............................20

*Uzuegbunam v. Preczewski*, 781 F. App'x 824 (11th Cir. 2019) .................... 25, 27

*Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001).........................26

*Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)...................................................................................................... 21, 23

*Walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir. 1998)...................................29

## RULES

Fed. R. Civ. P. 8(a) ........................................................... 16, 30

Fed. R. Civ. P. 15 ............................................................ passim

N.D. Ga. Local Rule 7.1(A)(2) ...........................................33

N.D. Ga Local Rule 26.2(A) ...............................................33

Fed. R. Civ. P. 59(e) ........................................................ passim

Fed. R. Civ. P. 60(b) ....................................................... passim

## TREATISES

11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) ...................................................................................25

## STATEMENT OF SUBJECT-MATTER AND
## APPELLATE JURISDICTION

The district court has subject matter and diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), as this is a class action wherein the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member is a citizen of a state different from Appellee.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as this is an appeal from two final decisions of the district court, specifically the district court's Order granting Appellee's Motion to Dismiss and the district court's Order denying Appellants' Motion to Vacate Order of Dismissal and Judgment and for Leave to File Amended Complaint Under Rules 59(e) and 60(b).

The district court entered the Order denying the Motion to Vacate on April 21, 2022. Appellants timely filed their Notice of Appeal on May 20, 2022. *See* Fed. R. App. P. 4.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in dismissing Appellants' claims for negligence and breach of implied contract?

2. Whether the district court abused its discretion in denying Appellants' motion to vacate the Order of dismissal and Judgment and for leave to amend the complaint?

## STATEMENT OF THE CASE

### I. Factual Background

This case arises out of a data breach (the "Data Breach") that compromised the personal, confidential, and highly sensitive information of more than 141,000 people, including that of the Appellants, Sean Sheffler, Ty Baugh, Belinda Goss, and Travis Rogers. Am. Compl., Doc. 16, ¶ 4.[1]

For almost 120 years, Appellee Americold Realty Trust, Inc. "has been the leader in providing technology-based engineered solutions for the temperature-controlled supply chain industry," employing "nearly 13,000 Associates." *Id.* ¶¶ 2, 24. As a condition of obtaining employment, Appellants and Class Members provided certain Personally Identifiable Information ("PII") to Americold. *Id.* ¶ 41.

---

[1] As required by 11th Cir. R. 28-5, reference to the record in this brief are to the ECF document number in the district court and to the page number in the heading generated by the ECF system, except where reference can be made to a specific paragraph.

In the course of and after providing employment to Appellants and Class Members, Americold maintained their PII on its servers and within its data infrastructure. *Id.* ¶¶ 7, 30, 40. By providing employment and hosting Appellants' and Class Members' PII on its servers, Americold undertook legal duties to maintain the PII entrusted to it safely, confidentially, and in compliance with all applicable laws. *Id.* ¶ 42.

On or about November 16, 2020, Americold became aware of a ransomware attack on its network. *Id.* ¶ 3. Americold engaged a cybersecurity firm to investigate the incident. *Id.* ¶ 28. The investigation determined that the personal information of Appellants and Class Members was in files that may have been accessed without authorization. *Id.* On or around Americold began notifying Appellants and Class Members of the Data Breach. *Id.* ¶ 6. The data that was accessed by an unauthorized third party during the incident included names, Social Security numbers, dates of birth, government-issued ID numbers, financial account numbers, credit/debit card numbers, passwords or login credentials, digital signatures, mother's maiden names, birth certificates, biometric information, and/or medical/health insurance information. *Id.* ¶¶ 1, 7, 29-30. Following the Data Breach, Americold offered Appellants and Class Members two years of identity theft detection. *Id.* ¶ 61; Doc. 16-3.

Appellants are current and former employees of Americold and their beneficiaries and dependents. Doc. 16, ¶¶ 25-26, 30. Although Appellants historically have been very careful about sharing their PII and have taken efforts to protect their PII (*id.* ¶¶ 67-68, 76-77, 87-88, 97-98), they each experienced incidents of identity theft or attempted identity theft following the Data Breach. An unknown and unauthorized individual applied for unemployment benefits using Appellant Sheffler's Social Security number and data of birth. *Id.* ¶ 65. An unknown and unauthorized individual filed federal and state tax returns using Appellant Goss's Social Security number. *Id.* ¶¶ 84-85. An unknown and unauthorized individual applied for a credit card using Appellant Rogers' PII. *Id.* ¶ 95.

As a result of the Data Breach, Appellants and Class Members have been exposed to a present and continuing risk of fraud and identity theft and face a substantial risk of being targeted for present and continuing fraud and other illegal schemes based on their PII as potential fraudsters could use that information to more effectively target such schemes to Appellants and Class Members. *Id.* ¶ 8, 71, 80, 91, 101. To protect themselves, Appellants and Class Members have spent considerable time exploring and signing up for credit monitoring and identity theft insurance options, signing up for fraud alerts, and self-monitoring their accounts. *Id.* ¶¶ 66, 75, 86, 96.

Appellants brought this class action lawsuit on behalf of all those similarly situated to address Americold's inadequate safeguarding of their PII and failure to provide them timely and adequate notice that their information had been subject to the unauthorized access of an unknown third party and precisely what specific type of information was accessed.

## II.  Procedural Background

On March 16, 2021, Appellant Sheffler filed the initial complaint in this action. Doc. 1. On June 7, 2021, Americold filed a motion to dismiss pursuant to Rule 12(b). Doc. 12. On June 22, 2021, as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Appellant Sheffler filed an Amended Complaint. Doc. 16

On July 6, 2021, Americold filed a renewed motion to dismiss under Rule 12(b). Doc. 18. Appellants filed a response to the motion (Doc. 27), Americold filed a reply to Appellants' response (Doc. 28), and Plaintiffs filed a sur-reply to Defendant's reply (Doc. 32).

On January 19, 2022, the Court entered an Order dismissing Plaintiffs' claims for failure to state a claim and directing the Clerk to close the case. Doc. 33. On the same day, the Clerk entered judgment dismissing this action. Doc. 34.

On February 16, 2022, Appellants timely filed a Motion to Vacate Order of Dismissal and Judgment and for Leave to File Amended Complaint Under Rules

59(e) and 60(b). Doc. 35. They attached to the motion a proposed Second Amended Complaint (Doc. 35-1) that restated their previously dismissed claims for negligence and breach of implied contract and included additional factual allegations intended to address the pleading deficiencies identified by the district court in the Order of Dismissal. Americold filed a response to the motion (Doc. 36) and Appellants filed a reply in support of the motion (Doc. 37).

On April 21, 2022, the district court entered an Order denying the Motion to Vacate. Doc. 39. Appellants filed their Notice of Appeal on May 20, 2022.

## III.  Standard of Review

This Court conducts a *de novo* review of "a district court's dismissal of a complaint for failure to state a claim upon which relief could be granted, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).

The Court reviews for abuse of discretion the denial of leave to amend, the denial of a Rule 59(e) motion to alter or amend the judgment, and the denial of a Rule 60(b) motion. *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1333 (11th Cir. 2016); *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983).

## SUMMARY OF THE ARGUMENT

The district court improperly dismissed Appellants' claims for negligence and breach of implied contract. While acknowledging that Appellants alleged the foreseeability of the cyberattack that compromised their personal information, the court required a level of specificity that was not required at the pleading stage. Similarly, the court dismissed Appellants' breach of implied contract claim even though such claims are highly factual and generally not appropriate for resolution at the pleading stage.

After dismissing Appellants' claims without leave to amend, the district court abused its discretion by denying Appellants' motion to vacate the judgment to give them leave to amend their complaint to correct the pleading deficiencies the court identified in their dismissed complaint. The court applied the incorrect legal standard, despite a long line of precedent instructing that courts should apply Rule 15(a)'s lenient standard to post-judgment motions to amend pleadings when it appears that a more carefully drafted complaint might state a claim upon which relief can be granted.

For each of these reasons, this Court should reverse the district court's Orders and remand this case for further proceedings.

## ARGUMENT

### I. The District Court Erred in Dismissing Appellants' Claims for Negligence and Breach of Implied Contract.

In its Order of Dismissal, the district court correctly determined Appellants had Article III standing to bring their claims and had sufficiently alleged injury-in-fact based on the theft of their PII during the ransomware attack, the subsequent misuse of their PII, and the measures they took to mitigate the future harm that might result from the theft of their PII. However, turning to Americold's Rule 12(b)(6) challenge, the district court found that Appellants failed to state claims for negligence and breach of implied contract. Respectfully, Appellants contend these conclusions were error.

This Court conducts a *de novo* review of "a district court's dismissal of a complaint for failure to state a claim upon which relief could be granted, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).

### A. Appellants Adequately Alleged a Common Law Duty to Protect Their PII Under Georgia Law.

Under Georgia law, a negligence claim has four elements: "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Rasnick v.*

*Krishna Hosp., Inc.*, 713 S.E.2d 835, 837 (Ga. 2011) (citation omitted). "The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." *Smith v. United States*, 873 F.3d 1348, 1352 (11th Cir. 2017) (quoting *City of Rome v. Jordan*, 426 S.E.2d 861, 862 (Ga. 1993)).

In its motion to dismiss, Americold argued that Appellants could not state a claim for negligence because Georgia law does not recognize a common law duty to safeguard PII. Americold relied upon the Georgia Supreme Court's decision in *McConnell v. Dep't of Labor*, 828 S.E.2d 352 (Ga. 2019), contending that decision forecloses the existence of a duty to protect personal information under Georgia law. In *McConnell*, the plaintiff filed a class action against the Georgia Department of Labor after a Department employee inadvertently sent an email including a spreadsheet containing the private information of individuals who had applied for unemployment benefits and other services from the Department. *Id.* at 356. In addition to other claims, the plaintiff asserted a negligence claim based on the disclosure of his information. *Id.* In its opinion, the Georgia Supreme Court affirmed the Georgia Court of Appeals' ruling that the plaintiff's negligence claim failed because he had not shown that the Department owed him or the class members a duty to protect their private information. *Id.* at 358. Defendants in data breach cases routinely rely on *McConnell* for the proposition that Georgia law does not recognize

9

a common law duty to protect personal information. However, *McConnell* was decided on narrower grounds than many defendants acknowledge; the Georgia Supreme Court found not that there is no duty to protect personal information, but only that no duty arose from the two sources the plaintiff relied upon to support his claim: (1) the purported duty "to all the world not to subject [others] to an unreasonable risk of harm" that was articulated in *Bradley Center v. Wessner*, 296 S.E.2d 693 (Ga. 1982) and is now overruled; and (2) O.C.G.A. §§ 10-1-910 and 10-1-393.8. The *McConnell* Court explicitly left open the possibility that a duty to safeguard personal information could arise under different factual or legal circumstances. *Id.* at 358 n.5.

Prior to the Georgia Supreme Court's decision in *McConnell*, in *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295 (N.D. Ga. 2019), Judge Thrash identified what those different circumstances might be. Judge Thrash explained at length why, notwithstanding the Georgia Court of Appeals' decision in *McConnell*, a duty of care arises where a defendant "knew of a foreseeable risk to its data security systems but failed to implement reasonable security measures." *Id.* at 1325. Even though the Georgia Supreme Court affirmed the Court of Appeals decision in *McConnell*, later that year, it also endorsed Judge Thrash's analysis in *Equifax*. In *Collins v. Athens Orthopedic Clinic, P.A.*, 837 S.E.2d 310 (Ga. 2019), the Georgia Supreme Court overturned the lower courts' dismissal of the plaintiffs'

claims in a data breach case. The plaintiffs alleged that an anonymous hacker stole the PII, including Social Security numbers, addresses, birth dates, and health insurance details, of at least 200,000 patients of Athens Orthopedic Clinic from the Clinic's computer databases. *Id.* at 311. In overturning the lower courts' dismissal of plaintiffs' negligence claims, the *Collins* court cited *Equifax* as "persuasive" authority, and specifically declined to extend the lower court's ruling on the duty issue in *McConnell* to a negligence claim in circumstances where a cybercriminal steals a health care provider's patients' sensitive personal data. *Id.* at 317.

In the wake of *Collins*, *McConnell* is a decision that must be cabined to its narrow issue—whether a Georgia state agency owed a duty to safeguard personal information under *Bradley Center* or Georgia statutes. *Collins* implicitly presumes such a duty and leaves it for the Georgia legislature to state otherwise. *Id.* at 316 n.7 ("traditional tort law is a rather blunt instrument for resolving all of the complex tradeoffs at issue in a case such as this, tradeoffs that may well be better resolved by the legislative process.").

The limits of the *McConnell* holding were further analyzed in *Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360 (N.D. Ga. 2021). In *Purvis*, Judge May, after an extensive analysis of *Collins*, rejected the defendant's argument that *McConnell* forecloses the existence of a duty to protect personal information under Georgia law. Judge May found that the defendant healthcare company owed the

11

plaintiffs a duty to safeguard their PII based on the defendant's alleged knowledge of the foreseeable risk of a data breach and the resulting exposure of the plaintiffs' information. *Id.* at 1369. The plaintiffs alleged that the threat of cyberattacks and data breaches to healthcare providers was widely and publicly known, and therefore the defendant should have known of the high risk of a data breach, "but nevertheless failed to properly guard against this foreseeable risk by implementing reasonable security measures, which ultimately led to Plaintiffs' injuries as a result of the Data Breach." *Id.* As Judge May explained:

> It also follows as a matter of common sense that, when patients and *employees* are required to turn over PII and PHI as a condition of medical care and *employment*, the entity receiving that information has some baseline obligation to adopt reasonable precautions to guard against known or reasonably foreseeable threats to the security of that information.

*Id.* at 1370 (emphasis added).

The same rationale applies here. Appellants, as a condition of their employment with Americold were required to provide Americold with sensitive and confidential information for themselves and their beneficiaries and dependents. Doc. 16, ¶ 25. They relied on Americold to keep their PII confidential and securely maintained, and Americold had a duty to adopt reasonable measures to protect their PII. *Id.* at ¶¶ 26-27. In similar situations, other courts have found that defendants owed plaintiffs a duty of reasonable care. *See Castillo v. Seagate Tech., LLC*, Case No. 16-cv-01958-RS, 2016 WL 9280242, at *2 (N.D. Cal. Sept. 14, 2016) (alleging

employer had duty to reasonably protect employees' information); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 799 (N.D. Cal. 2019) (finding a duty because "Facebook had a responsibility to handle its users' sensitive information with care"); *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1039 (N.D. Cal. 2019) (alleging Facebook failed to comply with industry data-security standards).

Here, the district court acknowledged the *Purvis* holding that a duty to protect personal information can be found based on the foreseeability of a data breach. Doc. 33 at 16. It noted that the "plaintiffs alleged that the attack was foreseeable because the defendant, a healthcare provider, had reason to know that it could be the target of the exact type of breach it experienced." *Id.* but it distinguished that case from this one on the basis that "Appellants' foreseeability allegations are not similarly specific." *Id.*

Appellants alleged in the Amended Complaint that Americold could and should have implemented numerous specific measures to prevent against ransomware attacks that were recommended by the FBI, the United States Cybersecurity & Infrastructure Security Agency (the "CISA"), and the Microsoft Threat Protection Intelligence Team (the "MTPIT").  Doc. 16, ¶¶ 34-37. Appellants further alleged the foreseeability of a ransomware attacks once Americold chose to retain and store the Social Security numbers and other sensitive data of

13

approximately 140,000 current and former employees, collected since at least 2000,

in an Internet-accessible environment, as follows:

- Given that Defendant was storing the PII of approximately 140,000 individuals, collected since at least 2000, Defendant could and should have implemented all of the above measures [recommended by the FBI, the CISA, and the MTPIT] to prevent and detect ransomware attacks. *Id.*, ¶ 38.

- By obtaining, collecting, and storing the PII of Plaintiffs and Class Members, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting the PII from disclosure. *Id.*, ¶ 42.

- Defendant's negligence in safeguarding the PII of Plaintiffs and Class Members is exacerbated by the repeated warnings and alerts directed to protecting and securing sensitive data. *Id.*, ¶ 45.

- Despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect the PII of Plaintiffs and Class Members from being compromised. *Id.*,  ¶ 46.

- At all relevant times, Defendant knew, or reasonably should have known, of the importance of safeguarding the PII of Plaintiffs and Class Members, including Social Security numbers and dates of birth, and of the foreseeable consequences that would occur if Defendant's data security system was breached, including, specifically, the significant costs that would be imposed on Plaintiffs and Class Members as a result of a breach. *Id.*, ¶ 58.

- Defendant was, or should have been, fully aware of the unique type and the significant volume of data on Defendant's file servers, amounting to potentially tens or hundreds of thousands of individuals' detailed, personal information and, thus, the significant number of individuals who would be harmed by the exposure of the unencrypted data. *Id.*, ¶ 60.

14

- Plaintiffs and the Nationwide Class were the foreseeable and probable victims of any inadequate security practices and procedures. Defendant knew or should have known of the inherent risks in collecting and storing the PII of Plaintiffs and the Nationwide Class, the critical importance of providing adequate security of that PII, and the necessity for encrypting PII stored on Defendant's systems. *Id.*, ¶ 131.

- Defendant's own conduct created a foreseeable risk of harm to Plaintiffs and the Nationwide Class. Defendant's misconduct included, but was not limited to, its failure to take the steps and opportunities to prevent the Data Breach as set forth herein. Defendant's misconduct also included its decisions not to comply with industry standards for the safekeeping of the PII of Plaintiffs and the Nationwide Class, including basic encryption techniques freely available to Defendant. *Id.*, ¶ 132.

The district court acknowledged that Appellants made these allegations of foreseeability but found they did "not provide any factual allegations to plausibly support a conclusion that Americold had reason to be on guard for this type of ransomware attack" or that "Americold's type of business had cause to be particularly on guard against such an attack." Doc. 33 at 16-17. The district court thus concluded that Appellants' allegations of foreseeability failed to bring this case outside of *McConnell's* holding.

The district court reasoned, as a matter of law, that the foreseeability of a ransomware attack turns on the defendant's type of business. In other words, Appellants were required to specifically allege why Americold's type of business gave it cause to be on guard against ransomware attacks. The district court reached

this conclusion notwithstanding Appellants' allegations, including (i) that Americold should have heeded public warnings from the FBI, the CISA, and the MTPIT regarding ransomware attacks and (ii) that Americold had cause to be on guard against ransomware attacks because it stored the Social Security numbers and other sensitive information of approximately 140,000 current and former employees in an Internet-accessible environment. Appellants respectfully submit that any entity choosing to store the Social Security numbers and other sensitive data of more than 100,000 current and former employees in an Internet-accessible environment has cause to be on guard against a ransomware attack, regardless of the industry in which it operates.

The district court's demand for such specificity at the pleading stage was misplaced. The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *U.S. v. Baxter Intern. ., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). While the allegations must be sufficient to "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and cross "the line from conceivable to plausible," *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [a court] presum[es] that general allegations embrace those specific facts that are

necessary to support the claim." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted)); *see also Drummond v. City of Brunswick, Ga.*, 2005 WL 8157707, at *2 (S.D. Ga. Jan. 31, 2005), *aff'd*, 138 F. App'x 296 (11th Cir. 2005) ("At the pleadings stage of the proceedings, the Court was obliged to presume that Plaintiff's general allegations embraced the specific facts required to sustain this claim.").

Appellants sufficiently alleged that Americold was aware of the sensitive nature of its employees' personal information and should have taken appropriate steps to protect their PII from being compromised. The district court therefore should have allowed Appellants' negligence claim to proceed.

## B. Appellants Sufficiently Alleged Their Breach of Implied Contract Claim.

Under Georgia law, an implied-in-fact contract is one not created or evidenced by distinct and explicit language; it is inferred by the law as a matter of reason and justice. *Classic Restorations, Inc. v. Bean*, 272 S.E.2d 557, 562 (Ga. Ct. App. 1980) (citations omitted). Such contracts arise from the nonverbal conduct (a "continued course of dealing") of the parties. *See J.M. Clayton Co. v. Martin,* 339 S.E.2d 280, 282 (Ga. Ct. App. 1985). For this reason, "it is a question of fact whether there existed an implied contract . . . which must generally be left to the jury for determination." *Tatum v. Moss*, 198 S.E. 814, 815 (Ga. Ct. App. 1938).

Here, Appellants alleged that they provided their personal information to Americold as a condition of their employment. Doc. 16, ¶¶ 156-57. In exchange, Americold accepted the responsibility and duty to keep their PII safe. *Id.* Americold became a party to those implied contracts when it took control and possession of Appellants' PII and agreed to be bound by its own privacy obligations. *Id.* Each party understood the nature and content of the arrangement. *Id.*

The district court held that "to state a claim requires more," citing *Longenecker-Wells v. Benecard Servs. Inc.*, 658 F. App'x 659, 662 (3d Cir. 2016). In that case, the Third Circuit found that the plaintiffs' breach of implied contract claim against their employer failed because they did not plead any company-specific documents or policies from which one could infer an implied contractual duty to protect the plaintiffs' information. But other courts have taken a different approach. In another data breach case in which employees' PII was disclosed to unauthorized third parties, the court denied the employer's motion to dismiss the employees' breach of implied contract claim, finding that by requiring and obtaining the employees' PII as part of the employment relationship, the employer "evince[ed] an implicit promise . . . to act reasonably to keep its employees' PII safe." *Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 750 (S.D.N.Y. 2017). The court explained, "[w]hile TransPerfect may not have explicitly promised to protect PII from hackers in Plaintiffs' employment contracts, 'it is difficult to imagine how, in

18

our day and age of data and identity theft, the mandatory receipt of Social Security numbers or other sensitive personal information would not imply the recipient's assent to protect the information sufficiently.'" *Id.* (quoting *Castillo v. Seagate Tech., LLC*, No. 16 civ. 1958, 2016 WL 9280242, at *9 (N.D. Cal. Sept. 14, 2016)).

Similarly, in *Mackey v. Belden, Inc.*, No. 4:21-CV-00149-JAR, 2021 WL 3363174, at *9 (E.D. Mo. Aug. 3, 2021), the court reasoned that the plaintiff in an employee/employer data breach case "plausibly alleged the existence and breach of an implied-in-fact contract requiring [the employer] to adequately secure its employees' PII." The court further recognized that "[w]hether such a contract actually existed is a question of fact inappropriate for resolution at the motion to dismiss stage." *Id.* The same is true here, and the district court should not have dismissed Appellants' claim at the pleading stage.

## II. The District Court Abused Its Discretion in Denying Appellants' Motion to Vacate and for Leave to Amend the Complaint Pursuant to Rule 59(e) or Rule 60(b).

Although Appellants contend the district court erred by dismissing their negligence and breach of implied contract claims, once the Order of Dismissal and Judgment were entered, they moved, pursuant to Rules 59(e) and 60(b), to vacate the judgment and for leave to amend their complaint to rectify the pleading deficiencies identified by the district court. Attached to their motion, Appellants included a proposed Second Amended Complaint that included new allegations

directly addressing the concerns raised by the Court in the Order of Dismissal. Without addressing the substance of the new allegations at all, the district court denied Appellants' motion.

The Court reviews for abuse of discretion the denial of leave to amend, the denial of a Rule 59(e) motion to alter or amend a judgment, and the denial of a Rule 60(b) motion. *Hartford Cas.*, 828 F.3d at 1333; *Farmville Mfg. Co.*, 705 F.2d at 1307. "'A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.'" *Hartford Cas.*, 828 F.3d at 1333–34 (quoting *United States v. Toll*, 804 F.3d 1344, 1353–54 (11th Cir. 2015)). The district court abused its discretion here by applying the wrong legal standard.

## A. The Rule 15 Standard for the Amendment of Pleadings.

The amendment of pleadings is typically governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Under Rule 15(a)(2), if a party cannot amend its pleading as a matter of course under Rule 15(a)(1), it "may amend its pleading only with the opposing

party's written consent or the court's leave." Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."

"[T]he general purpose of Rule 15 is to ensure that cases are decided on their merits rather than on the technical niceties of the parties' pleadings." *In re Clarus Corp. Securities Litigation*, 2003 WL 23325303, *1 (N.D. Ga. 2003) (citing *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)[2]). Reflecting this desire to give plaintiffs a chance to cure deficiencies before their complaints are dismissed with prejudice, a rule has developed that "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), abrogated on other grounds, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).[3] This rule applies even where the plaintiff does not seek leave to amend

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3] In *Wagner*, the Court held that a "district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." 314 F.3d at 542 (emphasis added). The Court adopted this rule in the Rule 12(b)(6) context "to prevent litigants from getting 'two bites at the apple' when appealing final orders of district courts," such that if this Court reversed the dismissal, the appellant would win on the merits, and if the Court affirmed the dismissal, the appellant would still have "another chance to replead without ever

until after the district court renders final judgment. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

Under Rule 12(b)(6), a complaint may be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A "dismissal for failure to state a claim under [Rule 12(b)(6) ] is a 'judgment on the merits.'" *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). "An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (per curiam) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)).

Although "the decision whether to deviate from the default of dismissal with prejudice is left to the district court's discretion, this Circuit has provided some guidance":

> First, we have noted that a district court's discretion to dismiss a complaint without leave to amend is "severely restricted" by Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)"), which mandates that leave to amend, when requested by the plaintiff, "be freely given when justice so requires." *See Bryant*, 252 F.3d at 1163 (applying the standard for Rule 15(a)(2) amendment to the decision whether to

---

having to ask the district court for one." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

dismiss with or without prejudice under Rule 12(b)(6)). In cases where the plaintiff has acted in good faith and has not been given a first chance to amend its initial complaint, we have treated dismissal with prejudice as a remedy of last resort. *See*, *e.g.*, *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting that dismissal with prejudice is appropriate "only in those situations where a lesser sanction would not better serve the interests of justice") (internal quotation marks omitted).

 And we have previously espoused the view that, "where a more carefully drafted complaint might state a claim," the district court should grant a plaintiff at least one chance to amend its complaint before dismissing the action with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (requiring district courts to grant sua sponte all plaintiffs at least one opportunity to amend), overruled by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

*Id.*

Post-*Wagner*, courts are no longer required to *sua sponte* give plaintiffs an opportunity to amend a complaint when they have not filed a motion or requested leave to amend. But when plaintiffs *have* requested leave to amend, it is still the position of this Court that plaintiffs should be given at least one opportunity to amend where it appears that a more carefully drafted complaint might state a claim for which relief may be granted. *See Wagner*, 314 F.3d at 545 ("We, however, also note that the purpose of allowing amendments is to resolve litigation on the merits, and decisions based upon the merits generally are favored under the Rules."); *see also Gen. Star Indem. Co. v. Triumph Hous. Mgmt., LLC*, 855 F. App'x 599, 609 (11th Cir. 2021) ("We further conclude that the district court erred in dismissing Triumph's claims for negligent procurement against AmWINS and Cone at the

pleading stage, without giving Triumph at least one opportunity to amend its complaint to allege additional relevant facts."). This rule applies even where the plaintiff does not seek leave until after the district court renders final judgment. *Thomas*, 847 F.2d at 773.

### B. Once Judgment Has Been Entered, Rules 59(e) and 60(b) Are the Proper Mechanisms to Seek Leave to File an Amended Complaint.

By its plain language, Rule 15(a) "governs amendment of pleadings before judgment is entered; it has no application after judgment is entered." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). However, even after dismissal, a plaintiff "may still move the court for leave to amend, *and such amendments should be granted liberally*." *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO,* 724 F.2d 1552, 1556 (11th Cir. 1984) (emphasis added) (citation omitted). A plaintiff may also "move for relief under Rules 59(e) or 60(b) on the basis of proposed amendments even after the action is dismissed and final judgment is entered." *Id.*

Typically, "Rule 59(e) allows courts to alter judgments only where there is 'newly-discovered evidence or manifest errors of law or fact.'" *U.S. Equal Employment Opportunity Commission v. St. Joseph's Hosp.*, 842 F.3d 1333, 1349 (11th Cir. 2016) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). Rule 60(b)(6) provides that "the court may relieve a party or its legal representative

from a final judgment, order, or proceeding for … any other reason that justifies relief."

Unlike Rule 15(a), which exists for the purpose of ensuring cases are decided on their merits rather than technicalities, Rules 59(e) and 60(b) serve the contrasting purpose of promoting "finality, predictability, and preserving judicial resources." *Lederman v. United States*, 539 F. Supp. 2d 1, 2 (D.D.C. 2008). Accordingly, "[i]n practice, because of the narrow purposes for which they are intended, Rule 59(e) motions are typically denied." 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). Similarly, relief under Rule 60(b) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Ackermann v. United States*, 340 U.S. 193, 202  (1950)).

Notwithstanding the high bar for relief under Rules 59(e) and 60(b), this Court has held that rectifying pleading issues through proposed amendments is a proper ground for relief under both rules. *See Uzuegbunam v. Preczewski*, 781 F. App'x 824 (11th Cir. 2019), *reversed and remanded on other grounds*, 141 S. Ct. 792 (Mar. 8, 2021) (rejecting Appellants' argument that they were deprived of the ability to file a Rule 15(a) motion for leave to amend after the district court entered judgment immediately after granting dismissal because "Appellants could still have moved under Rule 60(b) or 59(e) on the ground they could rectify the pleading issues in the

First Amendment Complaint through further proposed amendments") (citing *Czeremcha*, 724 F.2d at 1556).

### C. Although Rule 15(a) Is Not the Proper Mechanism to Seek Post-Judgment Leave to Amend, the Same Standards that Govern Leave to Amend Under Rule 15(a) Also Govern Leave to Amend Under Rules 59(e) and 60(b).

A line of cases dating back to the former Fifth Circuit have instructed that when a party moves pursuant to Rule 59(e) or Rule 60(b) to rectify pleading issues through proposed amendments, Rule 15(a)'s lenient standard should govern the decision whether to grant leave to amend post-dismissal. In *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981), the Fifth Circuit found that "the disposition of the plaintiff's motion to vacate under Rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a). Consequently, our discussion of the motion under rule 15(a) applies equally to the motion under rule 59(e)." *Dussouy* has been followed in subsequent published and unpublished cases. *See*, *e.g., Thomas v. Farmville Mfg. Co., Inc.*, 705 F.2d 1307, 1307-08 (11th Cir. 1983) ("A grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim, and, in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of discretion."); *Thomas v. Town of Davie*, 847 F.2d at 773 ("The same [Rule 15(a)] standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to

Fed. R. Civ. P. 59(e)."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("Rule 15(a)'s abuse of discretion standard applies when a plaintiff seeks to amend an unamended complaint after entry of judgment by moving to vacate a dismissal pursuant to Fed. R. Civ. P. 59(e)."); *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("In this circuit, these same standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e).") (internal quotation marks and citation omitted); *see also Uzuegbunam*, 781 F. App'x at 833; *Martinair Holland, N.V. v. Benihana, Inc.*, 780 F. App'x 772, 776 (11th Cir. 2019) ("Even after a complaint is dismissed and a plaintiff's right to amend under Rule 15(a) terminates, however, the plaintiff may still move for leave to amend, and 'such amendments should be granted liberally.'"); *Higdon v. Fulton County, Georgia*, 746 F. App'x 796, 801 (11th Cir. 2018) ("The same standard [under Rule 15(a)] applies when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)."); *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 336 (11th Cir. 2006) ("These 'same standards [under Rule 15(a)] apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e).'").

In its Order denying the motion to vacate, the district court acknowledged this line of cases, but found itself more persuaded by a recent unpublished case, *OJ Commerce, LLC v. Ashley Furniture Indus., Inc.*, 817 F. App'x 686, 693 (11th Cir. 2020), in which the Court stated that, absent newly discovered evidence or manifest errors of law or fact, a court does not abuse its discretion by denying leave to file a post-dismissal amendment. While acknowledging that *O.J. Commerce* had not explicitly overruled this Circuit's earlier holdings, the district court nevertheless concluded "that the law at stated in *OJ Commerce* accurately captures the standard for a post-judgment motion for leave to amend a complaint." (Doc. 39 at 8).

However, the district court's reliance on *OJ Commerce* was misplaced. Notably, *OJ Commerce* does not discuss *Dussouy*, *Thomas*, *Czeremcha*, or *Spanish Broadcasting* and thus cannot be fairly read to overrule those cases explicitly or implicitly. Furthermore, as the Court noted in *OJ Commerce*, the appellant appealed only from the order of dismissal in that case and "did not expressly appeal the district court's order denying Rule 59(e) or Rule 60(b)(6) relief." *Id.* at 693. Thus, the Court explained that even if it had jurisdiction to consider the denial of Rule 59(e) or 60(b) relief, no grounds existed for the Court to determine whether the district court abused its discretion in denying appellant leave to amend its complaint.

Finally, it was not for the district court to "pick" which standard it ultimately chose to apply. As this Court has explained:

A prior panel decision of this Court is binding on subsequent panels and can be overturned only by the Court sitting en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981). When faced with an intra-circuit split we must apply the "earliest case" rule, meaning "when circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel." *Walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir. 1998). We have deemed this approach to be more respectful of the prior precedent rule than the alternative, which would be to "tell judges that once they find a division of authority they are free to throw precedent to the wind." *Id.* at 1189.

*Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003). Accordingly, the district court was bound to follow *Dussouy*, *Thomas*, and the earlier line of precedent. The application of the incorrect legal standard is an abuse of discretion requiring reversal. *Hartford Cas.*, 828 F.3d at 1333-34.

The district court noted that many of the cases upon which Appellants relied were based on *Thomas* and reasoned that *Thomas* was distinguishable because "here, Plaintiffs did not file a motion for leave to amend the complaint pre-judgment." Doc. 39 at 10. But the Order of Dismissal was entered on January 19, 2022 and the Judgment was entered that same day. Appellants could not possibly have filed a pre-judgment motion for leave to amend the complaint unless the district court would have had them file such a motion while the motion to dismiss was still pending. But as one court wisely noted, "[p]arties should not have to preemptively file motions seeking leave to amend when they do not know how the Court will resolve a motion to dismiss. Such a practice would increase needless filings when the Court may not

grant the motion to dismiss—which would eliminate the need for a motion seeking leave to amend." *S2 Automation LLC v. Micron Tech., Inc.*, 281 F.R.D. 487, 498 (D.N.M. 2012).

Moreover, plaintiffs whose complaints are subject to a pending motion to dismiss should not be required to game out whether they need to file a preemptive motion for leave to amend prior to the court's ruling on the motion to dismiss in case the court dismisses their claims with prejudice and the judgment is entered immediately, thus depriving them of an opportunity to amend under Rule 15 and subjecting them to the almost insurmountable standards of Rule 59(e) and 60(b). "[P]leading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome" but rather serves the "purpose . . . [of] facilitat[ing] a proper decision on the merits." *United States v. Hougham*, 364 U.S. 310, 317 (1960); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (recognizing that "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); *see also* Fed. R. Civ. P. 8(d) ("Pleadings must be construed so as to do justice."). It is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

**D. Appellants Were Not Required to Show Good Cause to File the Proposed Amended Complaint.**

Searching for any alternative basis to justify not allowing Appellants at least one opportunity to amend their complaint, the district court stated that even if Appellants' motion for leave to amend was not subject to the standards of Rule 59(e) or 60(b), they still would not be entitled to relief because the district court entered an order (Doc. 20) adopting the parties' Joint Preliminary Report and Discovery Plan (Doc. 19), which proposed a thirty-day deadline for amending the pleadings. But the district court, in fact, did not adopt that thirty-day deadline.

On July 7, 2021, the parties filed a Joint Preliminary Report and Discovery Plan that, among other things, stated as follows:

> (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS *after the Joint Preliminary Report and Discovery Plan is filed*, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

Doc. 19 at 6-7 (emphasis added).

On July 20, 2021, the Court entered a Scheduling Order stating as follows:

> Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending pleadings, filing motions, completing discovery, and discussing settlement *are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court*, except as herein modified:

31

> *The parties' request for an 8-month discovery track is GRANTED.*

Doc. 20 at 1 (first emphasis added). Thus, according to the Scheduling Order, "the time limits for … amending pleadings … are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court," not "[no] later than thirty days after the Joint Preliminary Report and Discovery Plan is filed."

The parties' mere filing of the Joint Preliminary Report and Discovery Plan did not create any deadlines in this case. *See McKinley v. Kaplan*, 177 F.3d 1253, 1257 (11th Cir. 1999) (finding "no authority for the proposition that a proposed, but not entered, joint scheduling order is binding"). "In the absence of a dispositive scheduling order, whether leave to amend should be granted is governed by the more liberal standard set forth in Rule 15(a)." *Id.*

For instance, in *Alcoa Inv. v. Univ. Alloy Corp.*, No. 1:15-CV-01466-ELR, 2016 WL 11499627 (N.D. Ga. Aug. 31, 2016), the parties filed a Preliminary Report and Discovery Plan [JPRDS] that, like the filing here, "set the deadline for filing amendments to the complaint thirty (30) days from the entry of the JPRDS." *Id.* at *2. The scheduling order acknowledged the filing of the JPRDS but did not set a deadline for the filing of amending pleadings. *Id.* "Accordingly, the Court f[ound] that no Court-ordered deadline existed for filing pleadings." *Id.* The court further held that, pursuant to *McKinley*, the parties' filing did not establish any deadlines.

*Id.*; *see also Datastrip Int'l Ltd. v. Intacta Techs., Inc.*, 253 F. Supp. 2d 1308 (N.D. Ga. 2003) (refusing to apply the Rule 16 good cause standard where the court acknowledged it did not adopt the thirty-day deadline in the parties' Preliminary Report and Discovery Schedule, "but rather entered a different Scheduling Order [that did] not set forth deadlines for filing amendments."); *Diamond Power Int'l Inc. v. Clyde Bergemann, Inc.*, 1:04-CV-1708-RWS, 2006 WL 8431353 (N.D. Ga. June 21, 2006) (where the court entered a scheduling order stating that "the time limits for … amending pleadings … are set out in the Federal Rules of Civil Procedure and the Local Rules of this Court," it had not adopted the provisions wet out in the Joint Preliminary Report and Discovery Plan, and pursuant to the local rules, the applicable deadline for the amending of pleadings was 30 days after the commencement of discovery).

Here, the Scheduling Order provides that the deadline to amend pleadings is "as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court." Doc. 20 at 1. Local Rule 7.1(A)(2) provides that motions other than those specified in LR 7.2 "must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery." Discovery had not yet begun in this case as Americold had not yet answered the complaint. *See* LR 26.2(A) ("The discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier."). Accordingly, the deadline to

file amended pleadings had not yet passed and Appellants were not required to show good cause to file their proposed amended complaint. Moreover, even if Appellants motion had been filed outside of the deadlines set forth in the Scheduling Order, "the Court undoubtedly ha[d] the discretion to amend any such scheduling order to serve the interest of justice." *King v. CVS/Caremark Corp.*, No. 07-21824-CIV, 2007 WL 9705958, at *2 (S.D. Fla. Dec. 12, 2007).

Even assuming *arguendo* that Appellants were required to show good cause for leave to amend their complaint, they met that threshold in this case. Appellant Sheffler amended once as a matter of course, whereas Appellants Baugh, Goss, and Rogers had not yet amended their claims at all. Appellants did not seek to add any new claims to the complaint, but merely to rectify the defects the Court identified in dismissing their negligence and breach-of-implied-contract claims. *See, e.g.*, *Heat Techs., Inc. v. Papierfabrik August Koehler SE*, No. 1:18-cv-01229-SDG, 2021 WL 118642, at *3 (N.D. Ga. Jan. 13, 2021) (finding good cause to allowing amended pleading eight months after deadline for amended pleadings where amendment followed dismissal of claims); *Ermini v. Scott*, No. 2:15-cv-701-FtM-99CM, 2016 WL 11410895, at *1-2 (M.D. Fla. Oct. 24, 2016) (finding good cause to allow plaintiff to amend complaint after deadline to amend pleadings had passed where amendment was limited to addressing issues raised in order on motion to dismiss).

34

### E. The Court Did Not Determine that the Proposed Amendment Would Be Futile.

What is notably absent from the district court's Order denying the motion to vacate and for leave to amend is any analysis of the new allegations included in the proposed Second Amended Complaint as well as any consideration of whether the new allegations were sufficient to cure the deficiencies the district court identified in the dismissed Amended Complaint.

The proposed amendments in the Second Amended Complaint directly address the concerns raised by the district court in the Order of Dismissal. In that Order, the district court found dismissal of Appellants' negligence claim warranted because they did "not provide any factual allegations to plausibly support a conclusion that Americold had reason to be on guard for this type of ransomware attack," thus failing to establish that the foreseeability of the attack imposed a duty upon Americold to guard against such an attack. Doc. 33 at 17. The proposed Second Amended Complaint directly addresses these findings by relying, among other things, on an article that Americold posted on its website prior to the Data Breach acknowledging that, as a logistics company, it was at a foreseeable risk for "ransomware attacks," and that such ransomware attacks could result in the exposure of personal data. *See* Doc. 35 at 10. The proposed Second Amended Complaint also alleges that "more than two years before the Data Breach, Defendant filed an annual

report with the Securities Exchange Commission that acknowledged, among other things, that Defendant was "at risk from, and may be impacted by, cybersecurity attacks" that "could compromise the confidential information of [Defendant's] employees." Doc. 35 at 11. These and several other proposed allegations (*see id.* at 9-14) are sufficient to allege the kind of foreseeability giving rise to a duty that was found sufficient to survive the motion to dismiss in *Purvis.*

As for Appellants' proposed breach-of-implied-contract claim, the district court held in the Order of Dismissal that, to state a viable claims, Appellants "must allege facts to allow a plausible inference that Americold intended to bind itself to protect such Plaintiff's information." Doc. 33 at 19-20. The proposed Second Amended Complaint directly addresses these findings by attaching and quoting from Americold's Privacy Notice, in which Americold promised to implement "appropriate technical and organizational security measures" to protect the applicants against "unauthorized disclosure" and "unauthorized access." *See* Doc. 35 at 15-17. The language of the Privacy Notice is sufficient to demonstrate Americold's intention to bind itself to protect Appellants' private information.

The district court should have allowed Appellants to amend their complaint to include these new allegations. Appellant Sheffler, who filed the original complaint, amended his claims once as a matter of course, as permitted by Rule 15(a)(1)(B). Appellants Baugh, Goss, and Rogers asserted claims for the first time

in the Amended Complaint. Believing their claims to be meritorious, it wasn't until the district court granted the motion to dismiss and identified the weaknesses in their Amended Complaint that Appellants had notice of what kind of additional allegations were necessary to remedy those defects.

This Court has noted, "We have never required district courts to grant counseled plaintiffs *more than one opportunity* to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading *after having been offered ample opportunity to do so*." *Eiber Radiology*, 673 F. App'x at 930 (emphasis added). Here, Appellants were offered no opportunity to cure their complaint once the district court identified its deficiencies, even though the defects were easily curable through the addition of more specific factual allegations. The denial of the opportunity for them to amend their complaint and have their claims decided on their merits is an abuse of discretion that should be reversed.

## CONCLUSION

The district court erred in dismissing Appellants' negligence and breach of implied contract claims. To the extent that dismissal of those claims was appropriate, the district court abused its discretion by not granting Appellants' motion to vacate the Judgment and grant them leave to file an amended complaint to cure the defects

identified by the court. For these reasons, this Court should reverse these rulings and remand this case to the district court for further proceedings.

Dated: July 29, 2022                              Respectfully Submitted,

                                                  */s/ John A. Yanchunis*
                                                  John A. Yanchunis
                                                  Kenya Reddy
                                                  **MORGAN AND MORGAN**
                                                  201 N. Franklin Street, 7th Floor
                                                  Tampa, Florida  33602
                                                  Tel: (813) 202-7185
                                                  Fax: (813) 222-4738

                                                  Attorneys for Plaintiffs-Appellants Sean
                                                  Sheffler, Ty Baugh, Belinda Goss, and
                                                  Travis Rogers

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This brief contains 9141 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f). It has been prepared in a proportionally spaced font using Microsoft Word in Times New Roman, 14 point font.


_/s/ John A. Yanchunis_

Counsel for Plaintiffs-Appellants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2022, I electronically filed a true and correct copy of the foregoing brief with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record in this matter.

*/s/ John A. Yanchunis*

Counsel for Plaintiffs-Appellants